IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN BALLINGER,

Petitioner,

                                          Civil Case No. 13-cv-537-DRH
v.                              Criminal Case No. 10-cr-30095-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM and ORDER

HERNDON, District Judge:

### I.   Introduction

This matter is before the Court on petitioner Steven Ballinger's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255 petition, Ballinger brings an array of arguments seeking relief. He raises various issues alleging a violation of due process, ineffective assistance of counsel, unreasonable delay, First Amendment violations, the Court's abuse of discretion, and numerous issues surrounding his guilty plea and indictment. The government filed its response in opposition of Ballinger's § 2255 petition (Doc. 3). Thereafter, petitioner filed a reply to supplement his initial petition (Doc. 7), to which the government responded (Doc. 9). Petitioner then filed a reply to the government's response (Doc. 12). For the following reasons, petitioner's motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is denied[1].

## II.   Background

On June 8, 2010, a grand jury returned a one-count indictment charging Ballinger with production of child pornography, based on his videotaping of illicit sexual intercourse between himself and a 12-year-old minor, in violation of Title 18 United States Code, Section 2251(a). (*United States v. Ballinger*, 10-cr-30095-DRH, (Doc. 1)). [2] On March 1, 2011, Ballinger entered an open plea of guilty to the one-count indictment before Magistrate Judge Donald G. Wilkerson (Cr. Doc. 66). Thereafter, on July 22, 2011, the Court sentenced him to 360 months' imprisonment (Cr. Doc. 88).

On direct appeal, petitioner challenged his conviction and sentence on various grounds. Ballinger challenged his conviction, arguing that after a state conviction for the same conduct, his federal conviction constituted double jeopardy. Similarly, he brought a due process challenge to his state conviction. Finally, he challenged the reasonableness of his federal sentence. The Seventh Circuit affirmed this Court's judgment in all respects. See *United States v. Steven D. Ballinger*, 465 Fed. App'x. 563 (7th Cir. 2012).

---

[1]Having examined the record, the Court concludes Ballinger's claims do not warrant an evidentiary hearing. See *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions"); *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000) (held that a hearing not required where the record conclusively demonstrates that defendant is not entitled to relief on § 2255 motion); *Cooper v. United States*, 378 F.3d 638, 641; see also Rules 4(b) and 8(a) of Rules Governing Section 2255 Proceedings).

[2] Further reference to Ballinger's criminal docket in this order will include "Cr. Doc." prior to the document number to differential from his civil habeas case filings.

Thereafter Ballinger filed a collateral attack on his sentence pursuant to 28 U.S.C. § 2255, in which he raises various claims of due process violations, ineffective assistance of counsel, the Court's abuse of discretion, and issues surrounding his guilty plea and indictment in his case (Doc. 1). For the sake of clarity and judicial economy, the Court will address together similar grounds for relief.[3]

### III.    28 U.S.C. § 2255 Standard

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief under Section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), and "is

---

[3] Ballinger has taken a "scattershot" approach to his petition, raising many different issues that include sub-issues. The Court notes advice previously given by the Seventh Circuit Court of Appeals: "Losers in a trial can go hunting for relief on appeal with a rifle or a shotgun. The rifle is better.... [T]he shotgun approach may hit the target with something but it runs the risk of obscuring significant issues by dilution." *United States v. Stokes,* 726 F.3d 880, 887 (7th Cir. 2013)(quoting *Gagan v. Am. Cablevision, Inc.*, 77 F.3d 951, 955 (7th Cir. 1996); *see also Fifth Third Mortg. Co. v. Chi. Title Ins. Co.*, 692 F.3d 507, 509 (6th Cir. 2012) ("When a party comes to us with nine grounds for reversing the district court, that usually means there are none."). The Court finds that most of Ballinger's grounds for relief are so obviously meritless that the Court need only address them summarily.

available when a 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum allowed by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008)(quoting 28 U.S.C. § 2255).

A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. See *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007)(Section 2255 motion is "neither recapitulation of nor a substitute for a direct appeal.")(citation omitted). As such, if a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. See *Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009); *Torzala*, 545 F.3d at 522. Moreover, unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995).

Ballinger raises various claims, some of which allege ineffective assistance of counsel.  Because claims of ineffective assistance of counsel usually involve evidence outside of the trial record, such claims may be brought for the first time in a Section 2255 motion. See *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir.2011). A petitioner bears a heavy burden to establish ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). These claims are evaluated under

the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007)(citing *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984)).

In order to succeed on an ineffective assistance of counsel claim under *Strickland*, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the petitioner in such a way that, but for counsel's errors, the result of the proceedings would have been different. *Strickland,* 466 U.S. at 695 (1984). The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong is fatal to the claim. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011).  To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, the outcome of the proceeding would have been different. *McElvaney v. Pollard,* 735 F.3d 528, 533 (7th Cir. 2013). A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United*

*States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). In order to establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012).

## IV.    Argument

In the instant case, Ballinger has clearly not met his burden under either prong of *Strickland.* The Court cannot say that Ballinger's attorney significantly prejudiced Ballinger or that his representation fell below the objective standard of reasonableness at any stage of representation. Additionally, the Court cannot say that the errors alleged by Ballinger would have changed the result of the proceedings. Thus, Ballinger has not presented grounds warranting setting aside, correcting, or vacating his sentence.

### a. Petitioner's motion to withdraw guilty plea is untimely

Ballinger first seeks to withdraw his guilty plea in his criminal case based on his belief that his counsel assured that he "would not receive a sentence greater than a seven year maximum and that [he] would not receive an enhanced sentence based on [his] prior conviction in state court." (Doc. 1, pg. 22).

Rule 11 of the Federal Rules of Criminal Procedure governs pleas in criminal cases. Under Rule 11(d) withdrawal of a guilty plea is deemed proper

only prior to sentencing. FED. R. CRIM. P. 11(d).  In the 2002 amendments to the Federal Rules of Criminal Procedure, the Advisory Committee further clarified Rule 11(e) declaring that "the provision makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed." FED. R. CRIM. P. 11(e) advisory committee's note.

In the case at issue, Ballinger's arguments with respect to his guilty plea, speedy trial delays[4], and alleged misrepresentations surrounding his sentencing were made before the Seventh Circuit Court of Appeals and were decided against Ballinger. *USA v. Steven Ballinger*, No. 11-2786.  Those matters decided on appeal cannot be re-litigated in a § 2255 Motion. *Varela v. United States*, 481 F.3d 932 (7th Cir.2007) ("A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." (quotation marks and citations omitted)). Accordingly, Ballinger's request to withdraw his plea of guilty is denied.

### b. Petitioner's Due Process, First Amendment, Malicious Prosecution, Speedy Trial, and Abuse of Discretion Claims are Procedurally Defaulted.

The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner

---

[4] Furthermore, for a defendant to prevail on claim of pre-indictment delay, it is not enough to offer some suggestion of speculative harm; rather, defendant must present concrete evidence showing material harm. *Prewitt v. United States*, 83 F.3d 812 (7th Cir. 1996) citing *United States v. Anagnostou*, 974 F.2d 939, 941 (7th Cir.), cert. denied, 115 S.Ct. 174 (1994).  The defendant's "allegations of prejudice must be specific, concrete and supported by the evidence-vague, speculative, or conclusory allegations will not suffice." *United States v. Fuesting*, 845 F.2d 664, 669 (7th Cir.1988). Ballinger offers no such evidence in this case.

demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*United States v. Belford*, 975 F.2d 310, 313 (7th Cir. 1992). The issues raised by Ballinger in this § 2255 petition were raised previously in Ballinger's s petition for rehearing and petition for rehearing en banc before the Seventh Circuit Court of Appeals. See *USA v. Steven Ballinger*, No. 11-2786 (Doc. 39). The Seventh Circuit outright denied the petition stating that "all of the judges on the original panel have voted to deny the petition for rehearing and no judge in active service has requested a vote on the petition for rehearing *en banc*." *USA v. Steven Ballinger*, No. 11-2786 (Doc. 40). As mentioned above, those matters decided on appeal cannot be re-litigated in a § 2255 Motion. *Varela*, 481 F.3d 932. Ballinger has also not offered a change in the relevant law or circumstances since his case and appeal were decided.

Accordingly, Ballinger's claims arguing the following are procedurally barred: (1) reversal of the judgment in his criminal case is appropriate because of alleged case law addressing the ban on use of social media sites (Doc. 1, p. 4); (2) Ballinger's actual innocence because he and his victim "were involved in a consensual relationship and that she was of legal age..." (*Id*. at 6)[5]; (3) dismissal

---

[5] Relating to claims 2, 6, and 8, Ballinger pleaded guilty and admitted the facts alleged in the indictment in open court. He acknowledged during both his change of plea hearing that he had sex with a minor girl and filmed the events on at least one occasion (Cr. Doc. 108, pg. 30). Following the assistant United States attorney's reading of the facts of the case, Ballinger confirmed the facts as alleged:

>   THE COURT: Mr. Ballinger, you heard the facts as related by the assistant United States attorney.
>   MR. BALLINGER: Yes, your Honor.
>   THE COURT: Okay. Did you do what she said you did?

of Ballinger's indictment is appropriate because the government "unreasonably delayed filing an indictment" against him; (4) judgment against Ballinger should be set aside, pursuant to Federal Rule of Civil Procedure Rule 60(b), because of misconduct or misrepresentation by an opposing party; (5) the government suppressed evidence regarding an alleged anonymous tip; (6) Ballinger had reason to believe that his victim was of legal age; (7) his state and federal sentences should have run concurrently because both arose out of the same conduct; (8) Ballinger was unaware that he possessed child pornography because he believed that he was videotaping himself having consensual sex with another adult; (9) this Court abused its discretion in relation to the sentencing factors and reasonableness of Ballinger's sentence; and (10) withdrawal of his guilty plea is appropriate. The Court further elaborates below.

In this case, all arguments relative to alleged delays in bringing the indictment and prosecuting the case were available to be raised on direct appeal. The Court of Appeals addressed Ballinger's allegations in some respect, denied Ballinger's motion to reopen, and affirmed this Court's judgment in all respects. *USA v. Steven Ballinger*, No. 11-2786 (Doc. 34). Specifically, the Court of Appeals affirmed Ballinger's sentence of 360 months and elaborated as to the Court's correct assessment of the § 3553(a) sentencing factors:

> "The district court correctly calculated an advisory Guidelines range of 292-360 months. Next, Ballinger was allowed to argue the § 3553(a)

---

MR. BALLINGER: Yes, sir, your Honor.
THE COURT: Okay. Are you pleading guilty because you are guilty?
MR. BALLINGER: Yes, sir, your Honor.

(*Id.*)

sentencing factors in favor of a lighter sentence. The district court then considered the statutory factors in § 3553(a), including the nature of the offense, Ballinger's criminal history, and his characteristics. The record here provides sufficient support to conclude that the district court meaningfully considered the § 3553(a) factors after Ballinger was given an opportunity to make his argument for a sentence below the statutory maximum and below the Guidelines range."

*USA v. Steven Ballinger*, No. 11-2786 (Doc. 34). Furthermore the Court of Appeals issued no findings to support actual innocence, unreasonable delays, or first amendment violations relating to the law on social media sites.

In the context of § 2255 petitions, the 'law of the case' doctrine dictates 'that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district court asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it. *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986)). Ballinger's claims relating to a change in law relating to social media sites and the First Amendment fail, as the federal cases cited in his petition were decided well before his pending §2255. See (Doc. 1, pg. 4 discussing *Frisby v. Schultz*, 487 U.S. 474 (1988); *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947 (1984); and *United States v. Olano*, 507 U.S. 725 (1993)). As Ballinger fails to provide a good reason for reexamining the case, the aforementioned claims in Ballinger's 2255 are procedurally barred.

The Court now turns to Ballinger's surviving claims that allege ineffective assistance of counsel. Relevantly, "the usual procedural default rule," does not apply to such claims as, "an ineffective-assistance-of-counsel claim may be

brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir.2005) (citing *Massaro*, 538 U.S. at 504); see also *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir.2004).

### c. Petitioner's Trial Attorney Was Not Ineffective for Allegedly Failing to Advise Him of the Length of His Sentence if He Chose to Plead Guilty.

Ballinger claims that his counsel, Charles H. Stegmeyer, Jr., was ineffective because he misinformed Ballinger about the length of his potential sentence if he were to plead guilty. Specifically, Ballinger claims that Stegmeyer told him that by pleading guilty, Ballinger "would not get more than a 7 year maximum sentence if [he] pled guilty and allowed a judge to decide [his] sentence, and that [his] prior state conviction for the same crime would not be used to enhance [his] sentence" (Doc. 1, p. 14).

However, Ballinger's sworn testimony under oath at the guilty plea hearing is presumed to be true, a presumption that is overcome only if he can satisfy a "heavy burden of persuasion." *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir.1995). Ballinger has failed to overcome the presumption; in fact, he ignores his prior sworn testimony altogether when alleging these claims, arguing that he later realized he was unsatisfied with counsel.

Ballinger's testimony at the plea hearing directly undermines his contention that he pled guilty based on a supposed promise from his attorney of a sentence of no more than 7 years. Ballinger also asserts that he would have proceeded to

trial if he was aware of the potential sentence he would receive by pleading guilty to his crimes. However, Ballinger was in fact notified by the Court at his change of plea and through his Presentence Investigation Report (PSR) of the statutory maximum and minimum sentences, as well as applicable enhancements for his prior crimes.

Looking to Ballinger's claims relating to ineffective assistance of counsel with regard to the pleading phase, the Court shall assess counsel's performance under the *Strickland* test. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985); *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, to prevail on his claim of ineffective assistance of counsel during the plea negotiation stage, Ballinger must show that: (1) his attorney's performance was objectively unreasonable, and (2) such performance prejudiced him. *Strickland*, 466 U.S. at 687-88. The Court evaluates "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. To reiterate the laws of this Circuit, the Court begins its analysis of an ineffective assistance of counsel claim with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *Meyer*, 234 F.3d at 325.

The record indicates that during Ballinger's plea colloquy, Magistrate Judge Wilkerson discussed potential sentencing consequences to ensure that Ballinger's plea was both knowing and voluntary. At that time, Stegmeyer was present and also indicated that he had discussed the matter with Ballinger. In addition, Ballinger represented *under oath* that he discussed his case with Stegmeyer, and

he was ultimately satisfied with Stegmeyer's representation of him. Ballinger swore under oath at the plea hearing to these facts, and they are presumed to be true.

Ballinger has failed to overcome that presumption. *Messino*, 55 F.3d at 1248. Ballinger's claims are contradicted by his own statements during the change of plea hearing that: (1) he was satisfied with his attorney's representation, (2) he had thoroughly discussed the terms of the Plea Agreement with his attorney, and (3) he was pleading guilty to the charges in the indictment, which the Court read aloud during the plea colloquy. The record clearly states that:

> **THE COURT**: Mr. Ballinger, have you had ample opportunity, and that is enough time to discuss your case with Mr. Stegmeyer?
> **MR. BALLINGER**: Yes, your Honor.
> **THE COURT**: Are you satisfied with Mr. Stegmeyer's representation of you?
> **MR. BALLINGER**: Yes, your Honor.
> …
> **THE COURT**: You discussed how your case would proceed with Mr. Stegmeyer, correct?
> **MR. BALLINGER**: Yes, your Honor, I know that --
> **THE COURT**: And ultimately you are satisfied --
> **MR. BALLINGER**: Yes, your Honor.
> **THE COURT**: -- with the decisions that you made in conjunction with Mr. Stegmeyer, right?
> **MR. BALLINGER**: Yes, your Honor.

(Cr. Doc. 108, pgs. 13-14).

Most notably, the government clearly stated the maximum penalty for Ballinger's crimes, prior to his entry of a guilty plea. Specifically, the government stated, through Assistant U.S. Attorney Angela Scott, that Ballinger's maximum punishment may be:

> **THE COURT:** All right. Ms. Scott, would you give the maximum possible punishment Mr. Ballinger faces if the Court accepts his guilty plea?
> **MS. SCOTT**: Yes, your Honor. Your Honor, the penalties for a violation of Section 2251(a) are a term of imprisonment of at least 15 years, but not more than 30 years; a $250,000 fine; from five years up to a lifetime term of supervised release; and a $100 special assessment.
> **THE COURT**: Okay. Mr. Ballinger, did you hear the minimum and maximum penalties you face should -- if the Court accepts your plea of guilty in this case?
> **MR. BALLINGER:** Yes, your Honor.

(Cr. Doc. 108, pgs. 18-19).

Not only was Ballinger aware of his maximum possible punishment prior to changing his plea, but he was alerted that his minimum sentence was in fact a term of imprisonment of at least 15 years, not the seven years that he now alleges. Nothing, aside from his bare allegations, supports his claim that he was guaranteed to receive between two and seven years.

Ballinger also failed to raise any complaints surrounding the advice from his attorney, even after hearing the minimum and maximum penalties for his crimes, when the penalties were read aloud. Furthermore, Ballinger admitted in open court that his attorney explained the relevant factors and sentencing guidelines (Cr. Doc. 108, pgs. 21-22). Ballinger never claimed that he pleaded guilty only because his attorney promised him a sentence of seven years. Instead, he asserted that he was pleading guilty of his own free will. Thereafter, the Court described the sentencing guidelines applicable in Ballinger's case and made clear that the Court was not bound by any recommendation made by the government.

> **THE COURT**: Under the Sentencing Reform Act of 1984, Mr. Ballinger, the United States Sentencing Commission has issued guidelines for judges to follow in determining a sentence in a criminal case. The

United States Supreme Court has made those guidelines advisory rather than mandatory for judges. Have you and Mr. Stegmeyer talked about how the Sentencing Commission guidelines might apply to your case?

**MR. BALLINGER**: Yes, sir, your Honor.

**THE COURT**: While the Court must be advised by these guidelines, Mr. Ballinger, in determining the particular sentence to impose, the Court will consider certain statutory factors under Section 3553 of Title 18, including, among others, the nature and circumstances of the offense and the history and characteristics of the defendant. The Court will impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and to adequately deter future criminal conduct.

(Cr. Doc. 108). In addition, Magistrate Judge Wilkerson made it abundantly clear to the defendant, as he did during Ballinger's initial appearance (Cr. Doc. 27, pg. 6), that the offense for which he was charged carried a 15 year mandatory minimum sentence, which Ballinger acknowledged.

**MS. SCOTT**: Your Honor, the penalties for a violation of Section 2251(a) are a term of imprisonment of at least 15 years, but not more than 30 years; a $250,000 fine; from five years up to a lifetime term of supervised release; and a $100 special assessment.

**THE COURT**: Okay. Mr. Ballinger, did you hear the minimum and maximum penalties you face should -- if the Court accepts your plea of guilty in this case?

**MR. BALLINGER**: Yes, your Honor.

(Cr. Doc. 108, pgs. 18-19). If Ballinger's attorney truly had made a representation to him that he would only receive a seven year sentence, then Ballinger should have addressed this issue with the Magistrate Judge at the time of the plea, or during the sentencing before this Court. Ballinger never questioned the potential penalties he faced, aside from this claim that his attorney told him that he would only get a seven year sentence at max.

Ballinger was clearly informed of both the maximum and minimum penalties in his case prior to his change of plea. Additionally, the initial presentence investigation report (PSR) clearly shows that Ballinger would face a term of imprisonment for Count 1 that is not less than 15 years nor more than 30 years, pursuant to 18 U.S.C. § 2251(e) (Cr. Doc. 69). That same information remained in the revised presentence investigation report that Ballinger reviewed with his attorney on the date of sentencing (Doc. 77). Following his review of the PSR, the Court questioned Ballinger about its contents, to which he had no objections.

> **THE COURT**: Are you satisfied, Mr. Ballinger, that you've had enough time to carefully read through the Presentence Report?
> **MR. BALLINGER**: Yes, sir, Your Honor.
> **THE COURT**: Mr. Ballinger, your lawyer filed some objections to the Presentence Report. Are you familiar with the objections he filed?
> **MR. BALLINGER**: Yes, sir, Your Honor.
> **THE COURT**: Do you think the objections he filed adequately cover any objections you have to the report as well?
> **MR. BALLINGER**: Yes, sir, Your Honor.

Following his review of the PSR, Ballinger never objected or mentioned any alleged promise made to him by his attorney regarding the penalty he faced, including his likelihood of receiving a seven year sentence, nor did he dispute the mandatory minimum in his case. In fact, such a claim was never raised with the trial court, or on appeal. Instead he raises the issue for the first time in his § 2255 petition. Thus, based on Ballinger's prior notice and knowledge of the mandatory minimum sentence, the record indicates that Ballinger voluntarily pleaded guilty and the alleged misinformation from Mr. Stegmeyer fails to amount to prejudice

affecting his case. Ballinger offers nothing but his bare assertions relating to his length of sentence which are insufficient to satisfy *Strickland.*

Finally, Ballinger's attempt to portray himself as an individual who simply listens to his attorney without questioning any facts, statements, or decisions that he does not understand is again contradicted by his actions at the change of plea hearing. In fact, Ballinger's own actions during the change of plea hearing contradict his assertion. Ballinger objected to certain statements made by the magistrate judge and the factual basis provided by the government during the change of plea (Cr. Doc. 108, pg. 26-27).

Given the strong presumption that Ballinger's attorney rendered adequate representation of his client in this case *Meyer*, 234 F.3d at 325, and on the basis set forth above, the Court decisively finds that Ballinger's argument that Stegmeyer "guaranteed me that I would not get more than a 7 year maximum sentence if I pled guilty and allowed a judge to decide my sentence, and that my prior State Conviction for the same crime would not be used to enhance my sentence" (Doc. 1, pg. 14) is not indicative of ineffective assistance of counsel. According, Ballinger fails to set for facts that overcome the strong presumption that Ballinger's attorney rendered adequate representation and this ground for relief is without merit.

### d. Petitioner's Trial Attorney Was Not Ineffective for Failing to File Motions to Suppress and for Extension of Time to File Pretrial Motions.

Ballinger next argues that Mr. Stegmeyer was ineffective because he did not file a motion to suppress "evidence obtained during the illegal search of [Ballinger's] premises" (Doc. 1, pg. 27) or file a motion for extension of time to file pretrial motions. Ballinger believes that the motion to suppress "could have been the turning point" for his case (*Id.*) and would have had more success than those strategies his counsel pursued prior to his sentencing. However, in this Court's opinion, effective assistance generally requires focus on the strongest arguments available. Counsel is not ineffective for failing to raise every non-frivolous argument available to him. Ballinger's specific arguments regarding a motion to suppress or motion for extension of time would not have changed the outcome of his sentencing.

Based on the law of this Circuit, a defendant's attorney has no duty to make a frivolous argument to the Court. See *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003). Thus, it is clear that Ballinger's ineffective assistance of counsel claim here is meritless. His claims are not indicative of ineffective assistance of counsel, as Ballinger presents no evidence that the outcome of the proceeding would have been different, or that he was prejudiced by the information and advice from his attorney. In fact, he represented to the Court that he was satisfied with his attorney's representation during his change of plea, aside from vaguely mentioning that he wished his attorney had filed more motions on his behalf  (Cr. Doc. 108, pg. 13).

The Court finds that counsel's filing a motion to suppress or motion for extension of time would have had no reasonable probability of changing the status of the evidence when Ballinger decided to plead guilty to the charge, especially based solely on Ballinger's beliefs as such.[6] Therefore, there is no logical reason to believe—and Ballinger has offered no objective evidence—that his decision would have been any different had a motion to suppress or motion for extension of time been filed. Ballinger has not shown prejudice because the motion he believes his counsel should have filed was unlikely to succeed in obtaining suppression of the evidence found in his residence. Furthermore, in his § 2255 petition he cites to case law regarding the supposed success of a motion to suppress, but in reality, those facts greatly differ from the facts of Ballinger's case.

For these reasons, too, counsel was not deficient for failing to file a meritless motion. Thus, Ballinger's bare assertions relating to the motions are insufficient to satisfy *Strickland*. Accordingly, Ballinger's ground for relief fails.

### e. Petitioner's Trial Attorney Was Not Ineffective for Failing to File a Responses to the Government's Motions in Limine.

Ballinger next alleges ineffective assistance of counsel arguing that his counsel "had numerous opportunities to file responses to the Prosecutors four individual Motions to Suppress evidence against Defendant" (Doc. 1, pg. 28).   As mentioned above, effective assistance generally requires focus on the strongest

---

[6]As to Ballinger's argument that a motion for extension of time to file pre-trial motion was never filed, he is mistaken. Stegmeyer did in fact file such a motion (Cr. Doc. 34), which the Court denied.

arguments available; Counsel is not ineffective for failing to raise every non-frivolous argument available to him.

Ballinger has not met his burden of demonstrating that Mr. Stegmeyer's decision not to file responses "fell below an objective standard of reasonableness" standard set forth in *Strickland*. The Court analyzed the applicable case law regarding each issue addressed in the motions in limine before rendering a decision. Ballinger fails to demonstrate a resulting prejudice from Stegmeyer's decision not to respond to the motions in limine, especially in light of the applicable case law of this Circuit.

The motions in limine to which Stegmeyer did not respond clearly supported by the present case law. This includes Ballinger's argument that "mistake of age" was a defense, when in fact, it was not a valid defense in his case. A defendant's attorney has no duty to make a frivolous argument to the Court. See *Rezin*, 322 F.3d at 446. Thus, Stegmeyer's failure to respond to specific motions in limine certainly did not prejudice the defendant because there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 690.

Stegmeyer did in fact file responses to the second and fourth and motions in limine filed around the same time. As Ballinger's specific arguments regarding the motions in limine would not have changed the outcome of his case, his claims have no merit.[7] Accordingly, Ballinger's assertions relating to the motions are

---

[7] The government's first motion *in limine* sought to prohibit Ballinger from arguing any potential sentence to the jury, defining or attempting to define reasonable doubt to the jury , or mentioning

insufficient to satisfy *Strickland* as they do not show that Mr. Stegmeyer's decision to not file responses to certain motions in limine was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690 Therefore, Ballinger's ground for relief fails.

### f.  Petitioner's Trial Attorney Was Not Ineffective for Failing to Interview and/or Depose Numerous Witnesses.

Ballinger next alleges ineffective assistance of counsel arguing that his counsel "failed to "interview and/or depose numerous witnesses that would have been helpful to my case." (Doc. 7, pg. 6). However, as previously mentioned, Ballinger stated at his change of plea that he was "ultimately satisfied with the

---

the possibility of jury nullification, all of which are supported by case law in this Circuit. See e.g. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996)( Defendant has no right to invite the jury to act lawlessly… Jury nullification is not a right, either of the jury or the Defendant."); 7th Cir. P.J. I No. 1.04 (2012)(Explicitly directs that no instruction be given to the jury defining 'reasonable doubt.' "Reasonable doubt" must speak for itself. Jurors know what is "reasonable" and are quite familiar with the meaning of "doubt.); *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("Information regarding the consequences of a verdict is therefore irrelevant to the jury's task").

The government's third motion *in limine* sought to "preclude the defendant from arguing, attempting to argue, or presenting any evidence regarding the victim's other sexual behavior or any sexual predisposition" (Cr. Doc. 36). Federal Rule of Evidence 412 limits the admissibility of such evidence in a criminal case involving a sex offense to three exceptions, none of which were applicable to Ballinger's case. Thus, Ballinger did not have a viable argument to oppose this motion.

The government's fifth motion *in limine* sought to preclude defendant from arguing or attempting to argue that the victim's consent as a defense. Seventh Circuit law is clear that "minors lack the capacity to consent, and so sexual contact with a minor is always 'without consent.'" United States v. Rogers, 587 F.3d 816 (7th Cir. 2009).

The government's sixth motion *in limine* sought to prohibit Ballinger from arguing to the jury that a conviction on federal production of child pornography would punish him twice for the same conduct based on his prior guilty plea for child porn charges in state court. The law of the Seventh Circuit is clear on this matter. "It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994)(quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)); see also *United States v. Diekhoff*, 535 F.3d 611, 621 (7th Cir. 2008). "Information about the consequences of a verdict is therefore irrelevant to the jury's task." *Shannon*, 512 U.S. at 40.

decisions [he] made in conjunction with Mr. Stegmeyer (Cr. Doc. 108, pg. 13). Nothing in the record indicates ineffective assistance of counsel, or that Stegmeyer's representation fell below the objective standard of reasonableness.

Importantly, FEDERAL RULE OF CRIMINAL PROCEDURE 15 states that neither party has an automatic right to a deposition. Fed.R.Crim.P. 15(a)(1). The court may only allow depositions in exceptional circumstances or in the interests of justice. *Id*. Although Ballinger now states his counsel was ineffective for failing to depose certain witnesses regarding his "good nature and character" (Doc. 7, pgs. 6-7), he does not state exceptional circumstances warranting such depositions. Petitioner states depositions would have enabled his counsel to put forth evidence of his good character and evidence related to the victim's consent (*Id.*).

Thus, as Ballinger's belief that depositions would be helpful does not rise to standard required under Rule 15, the Court would undoubtedly have denied any motion for depositions that Stegmeyer would have filed. As an officer of the court, Stegmeyer had a duty to act in good faith under the applicable rules and file motions only for non-frivolous reasons; not simply because his client believed certain motions would be helpful. *Rezin*, 322 F.3d at 446.  Accordingly, Ballinger has not demonstrated his counsel's failure to request depositions was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

**g. Petitioner's Trial Attorney Was Not Ineffective for Failing to Challenge the Evidence Introduced at Sentencing**

Next, Ballinger argues that his attorney was ineffective for failing to challenge the evidence introduced at sentencing that related to "prior sexual misconduct involving underage girls that had never been prosecuted as well as a physical battery committed because a young girl ignored his advances." (Doc. 7, pg. 7). Here again, Ballinger has no credible evidence, only his unsupported allegations, which are inadequate. He simply argues that his attorney should have met with and deposed the prior victims or officers involved in investigating those incidents (*Id.*). Ballinger argues that the prior incidents are based on lies, and that at sentencing, his counsel failed to challenge the credibility of statements made by the victims. For example, he claims that "the statement of the alleged victim of an alleged sexual assault was false because, in that situation, [Ballinger] was messing around with a girl and she said no." Nothing beyond Ballinger's own statements support his arguments.  Mr. Stegmeyer did in fact challenge the credibility of those who testified at Ballinger's sentencing. He vehemently cross-examined Officer Krummrich, who was the investigating officer in the July, 8, 2006 case (Cr. Doc. 99, pgs. 51-54), Daniel Hopkins, a retired Collinsville Police Officer investigating the 1998 case involving a minor female, J.D. (Cr. Doc. 99, pgs. 65-67, 69-70), and Assistant Chief of Police Coppotelli  who was a detective at the time when J.D. was brought into the Collinsville Police Department to report an assault. Stegmeyer also advocated for Ballinger relating to his prior crimes in Madison County and St. Clair County when addressing the Court during argument (Cr. Doc. 99, pgs. 184-185). Ballinger was also given the opportunity to

address these prior incidents in his statement to the Court, which he did (*Id.* at 149-165).

Ballinger offered no concrete evidence that Stegmeyer's performance "fell outside the wide range of professionally competent assistance," because he did not engage in activity that would have been futile. *Lilly v. Gilmore,* 988 F.2d 783, 785 (7th Cir. 1993).   Instead, Stegmeyer chose to cross-examine the witnesses while they were required to speak to him and under oath. Stegmeyer's strategy did not render his representation ineffective simply because this Court found the evidence regarding prior sexual misconduct to be credible when analyzing the §3553(a) sentencing factors. Therefore, it is clear that Ballinger's ineffective assistance of counsel claim is meritless, as he makes no showing of prejudice. Accordingly, this claim must be summarily denied.

### h. Petitioner's Trial Attorney Was Not Ineffective for Failing to Argue Malicious Prosecution

Ballinger further contends that his attorney was ineffective because he did not look into or argue malicious prosecution. Specifically, Ballinger argues that his "attorney should have checked to see why the Federal Prosecution decided to bring me in and once they found out that I did not violate my probation, why they decided to continue to press charges against me." (Doc. 7, pg. 10). Ballinger cites to nothing that would support any type of claim of malicious prosecution. Moreover, Mr. Stegmeyer did, in fact, request information as to documents, evidence, and laws were relied on to support the federal prosecution of Ballinger (Cr. Docs.  74, 80 & 84). Ballinger offers nothing but bare assertions that his

attorney's performance "fell below an objective standard of reasonableness." Furthermore, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466. Accordingly, Ballinger's assertions are insufficient to satisfy *Strickland* and this ground for relief fails.

###### i.   Petitioner's Trial Attorney Was Not Ineffective for Failing to Show Ballinger His Original or Amended PSR.

Ballinger next claims that his attorney was ineffective because he did not show Ballinger a copy of either the original or amended PSR in his case. This Court, upon learning that Ballinger had not yet read the amended PSR prior to sentencing, called a recess to allow Ballinger time to review the document. (Cr. Doc. 99, pg. 5). Following the recess, the Court questioned Ballinger regarding the PSR as follows:

> **THE COURT**: Mr. Ballinger, have you had an opportunity now to read the Presentence Report?
> **MR. BALLINGER**: Yes, sir, Your Honor.
> **THE COURT**: Are you satisfied, Mr. Ballinger, that you've had enough time to carefully read through the Presentence Report?
> **MR. BALLINGER**: Yes, sir, Your Honor.
> **THE COURT**: Mr. Ballinger, your lawyer filed some objections to the Presentence Report. Are you familiar with the objections he filed?
> **MR. BALLINGER**: Yes, sir, Your Honor.
> **THE COURT**: Do you think the objections he filed adequately cover any objections you have to the report as well?
> **MR. BALLINGER**: Yes, sir, Your Honor.

(Cr. Doc. 99, pg. 7). Again, Ballinger's words at the time of sentencing contradict his claims in both his original and supplemental § 2255 petitions. Ballinger clearly stated in his own words that he had ample time to "carefully read" the

amended PSR, which was provided to him by his counsel at the time of sentencing (Cr. Doc. 99, pg. 6). Thus, Stegmeyer's failure to provide a copy of the PSR certainly did not prejudice Ballinger because he was given ample time to read the PSR and raise further objections, which he did not do. Thus, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 46.

## V.   <u>Certificate of Appealability</u>

Under the 2009 Amendments Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability has been granted.  *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009).

For a court to issue a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right," meaning, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)); 28 U.S.C. § 2253(c)(2).

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice.  Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## VI.    Conclusion

For the reasons as discussed herein, Ballinger's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence is **DENIED** (Doc. 1). Ballinger's claims are **DISMISSED with prejudice**. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 11th day of May, 2016.

Digitally signed by
Judge David R.
Herndon
Date: 2016.05.11
11:13:08 -05'00'

**United States District Judge**