IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN BALLINGER,

Petitioner,

Civil Case No. 13-cv-537-DRH

v.

UNITED STATES OF AMERICA,

Respondent.

MEMORANDUM and ORDER

HERNDON, District Judge:

This matter is before the Court on Petitioner Steven Ballinger's motions relating to his appeal of the Court's order denying his 28 U.S.C. § 2255 petition. Specifically, Ballinger filed a motion for certificate of appealability (Doc. 17), motion for leave to appeal *in forma pauperis* (Doc. 18) and motion to appoint counsel (Doc. 19). The Court previously denied Ballinger's 28 U.S.C. § 2255 petition, dismissed his case with prejudice, and declined to issue a certificate of appealability (Doc. 14). Judgement reflecting the same was entered the following day on May 12, 2016 (Doc. 15). On July 11, 2016, Ballinger filed a notice of appeal (Doc. 16) along with the motions at issue. Based on the following, the Court denies the motions.

1. Motion for Certificate of Appealability (Doc. 17)

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, Ballinger need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller–El v. Cockrell*, 537 U.S. 322, 337, 338 (2003). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate of appealability. FED. R. APP. P. 22(b)(1)(3).

For the reasons detailed in the Court's order denying Ballinger's 28 U.S.C. § 2255 petition issued on May 11, 2016 (Doc. 14), the Court has determined that Ballinger has not made "a substantial showing of the denial of a constitutional right." Accordingly, Ballinger request for a certificate of appealability is **DENIED**.

## 2. Motion for Leave to Appeal *in forma pauperis* (Doc. 18)

Rule 24 of the Federal Rules of Appellate Procedure provides that a party to an action in federal district court who desires to appeal *in forma pauperis* must first file a motion in the district court requesting leave to appeal without payment of fees and costs. See FED. R. APP. P. 24(a)(1). The motion must be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. See *id*. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). As to the good faith requirement, the Court must "find that a

reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). That said, a district court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).

In the case at bar, the Court finds that Ballinger's appeal is not taken in good faith. In denying and dismissing Ballinger's 28 U.S.C. § 2255 petition, the Court found that his claims of ineffective assistance of counsel were without merit. Moreover, Ballinger's numerous arguments with respect to his guilty plea, speedy trial delays, prosecutorial misconduct, and alleged misrepresentations surrounding his sentencing were made before the Seventh Circuit Court of Appeals and were previously decided against Ballinger. See *USA v. Steven Ballinger*, No. 11-2786. Thus, these arguments were procedurally barred. The Court also determined that Ballinger's remaining arguments relating to his indictment were available to be raised on direct appeal, and were barred.

Under the standard set forth above, the Court cannot say that Ballinger's motion for leave to appeal *in forma pauperis* is in good faith. Perrone's appeal is thus determined to be in bad faith and he has failed to meet the requirements of Fed. R. App. P. 24(a)91). Accordingly, his motion is **DENIED**. Ballinger shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court on or before **August 4, 2016**, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

### 3. Motion to Appoint Counsel (Doc. 19)

Looking now to Ballinger's motion for appointment of counsel on appeal (Doc. 19), the Court does not have the authority to appoint counsel for appeal purposes in light of the fact that Ballinger filed a notice of appeal on July 11, 2016 (Doc. 16). The filing of said notice of appeal transferred jurisdiction of this case to the Seventh Circuit Court of Appeals. Therefore Ballinger should re-file the motion to appoint counsel with the Seventh Circuit Court of Appeals. Accordingly, his motion is **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed this 14th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.14 10:24:33 -05'00'

**United States District Judge**